**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jeremy Johnson, et al., | No. CV-24-00530-PHX-MTL |
| Plaintiffs, | **ORDER** |
| v. | |
| Chandler Unified School District, et al., | |
| Defendants. | |

**I.**

Plaintiffs, a high school football player, KJ, and his parents allege that KJ was harassed and assaulted by fellow players. They also contend that the school administration and football staff knew but failed to prevent it from continuing.

The Court now considers the Motion to Dismiss the Amended Complaint filed by Defendants Chandler Unified School District, Michael Franklin, James Culver, Luke Hickey, Richard Garretson, Brett Boyd, and Frank Narducci (collectively, the "CUSD Defendants"). (Doc. 34) The Motion is fully briefed. The CUSD Defendants request oral argument, however, the Court finds that oral argument will not aid in the determination of the Motion and is therefore unnecessary.[1]

**II.**

To survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to

---

[1] Also sued are several minor Defendants, who are alleged to have harassed and assaulted KJ, along with their parents. These Defendants did not join in this Motion.

relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also* Fed. R. Civ. P. 8. A claim is facially plausible when it contains "factual content that allows the court to draw the reasonable inference" that the moving party is liable. *Iqbal*, 556 U.S. at 678. At the pleading stage, the Court's duty is to accept all well-pleaded complaint allegations as true. *Id.* Facts should be viewed "in the light most favorable to the non-moving party." *Faulkner v. ADT Sec. Servs., Inc.*, 706 F.3d 1017, 1019 (9th Cir. 2013). "[D]ismissal . . . is proper if there is a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Conservation Force v. Salazar*, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting *Balisteri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988)) (internal marks omitted).

### III.

### A.

In Count IX of the Amended Complaint, Plaintiffs Jeremy and Latonia Johnson, KJ's parents, assert an Arizona common-law claim for loss of consortium arising from their son's injuries.[2] The CUSD Defendants move to dismiss with prejudice, arguing that this claim is untimely under Arizona's one-year statute of limitations for claims against public entities and employees. A.R.S. § 12-821; *Lee v. City of Kingman*, 124 F. Supp. 3d 985, 992 (D. Ariz. 2015) (holding that a claim for loss of consortium against municipal defendants is governed by Arizona's one-year statute of limitations for actions against government entities and employees).

Plaintiffs argue that the statute of limitations was tolled while they tried to negotiate a settlement before filing this lawsuit, citing A.R.S. § 12-821.01(C). But that statute applies only when the 180-day notice of claim deadline is tolled for a mandatory dispute resolution or administrative review process. That is not the case here, as Plaintiffs have not shown any mandatory dispute resolution or administrative review process applicable to their loss of consortium claim against the CUSD Defendants. Plaintiffs' argument that dismissing

---

[2] Plaintiff KJ's loss of consortium claim, asserted in Count IX, is not subject to the Motion to Dismiss.

their loss of consortium claim results in piecemeal litigation also misses the mark because there is no other litigation relating to the parents' loss of consortium claim.

The Court finds that the one-year statute of limitations bars the parents' loss of consortium claim. This finding is based on the allegations of the Amended Complaint, which alleges multiple instances of abuse from August 2021 through March 2022. (Doc. 33 ¶¶ 40-51) The Amended Complaint contends that KJ's parents reported the abuse to the CUSD Defendants and others during this period. (*Id*. ¶¶ 41-43, 46) This action was filed on March 12, 2024, about two years after the alleged last date of abuse. Plaintiffs Jeremy and Latonia Johnson's loss of consortium claim against the CUSD Defendants is time-barred. Count IX will be dismissed with prejudice because no pleading amendment can cure this legal deficiency.

**B.**

The CUSD Defendants next move to dismiss Counts I, II, and IV of the Amended Complaint. Count I asserts a Fourteenth Amendment due process civil rights claim that Defendants breached a duty to protect KJ from harm while on school property during the school day and on and off school property during extracurricular activities. (Doc. 33 ¶ 69) Count II asserts a municipal liability claim against Defendant Chandler Unified School District for "failure to properly train, supervise, control, and discipline the individual employee Defendants." (*Id*. ¶ 82) Finally, Count IV asserts a Fourteenth Amendment due process claim against the individual employee Defendants—Franklin, Hickey, Culver, Garretson, Boyd, and Narducci—claiming that they conspired with one another to prevent the minor Defendants' alleged misconduct to the proper authorities. (*Id*. ¶ 96) These claims are brought under the Civil Rights Act, 42 U.S.C. § 1983. According to the CUSD Defendants, these claims for relief should be dismissed because the Amended Complaint fails to allege that they had a constitutional duty to protect KJ and that there are no well-pleaded facts to support the elements required to prove liability.

**1.**

The Supreme Court has held that the due process clause does not obligate state

officials to protect individuals from violence. *DeShaney v. Winnebago Cnty. Dep't. of Soc. Servs.*, 489 U.S. 189, 195 (1989); *see also Patel v. Kent Sch. Dist.*, 648 F.3d 965, 971 (9th Cir. 2011) ("[T]he Fourteenth Amendment's Due Process Clause generally does not confer any affirmative right to government aid, even where such aid may be necessary to secure life, liberty, or property interests."). In *DeShaney*, a four-year-old was beaten so severely by his father that the child was expected to live his entire life in an institution. 489 U.S. at 193. Prior to this, the child's stepmother notified the county's child protective services division of suspected physical abuse. *Id.* at 192. County officials and medical professionals investigated and determined (incorrectly) that the child was not in danger and removal from his father's home was not justified. *See id.* Caseworkers visited the home many times thereafter and, despite observing obvious signs of child abuse, they did nothing. *See id.* at 193. In affirming the district court's order granting summary judgment for defendants, the Supreme Court reasoned:

> [O]ur cases have recognized that the Due Process Clauses generally confer no affirmative right to governmental aid, even where such aid may be necessary to secure life, liberty, or property interests of which the government itself may not deprive the individual. . . . If the Due Process Clause does not require the State to provide its citizens with particular protective services, it follows that the State cannot be held liable under the Clause for injuries that could have been averted had it chosen to provide them. As a general matter, then, we conclude that a State's failure to protect an individual against private violence simply does not constitute a violation of the Due Process Clause.

*Id.* at 196-97 (citations omitted).

Some exceptions to this rule exist. The first involves a "'special relationship' . . . between the plaintiff and the state," and it applies when the state has assumed custody over the plaintiff. *Patel*, 264 F.3d at 971-72 (citing *DeShaney*, 489 U.S. at 198-202). Plaintiffs concede that this exception does not apply here because KJ was not in custody. (Doc. 44 at 7)

The second, known as the state-created danger exception, applies "when the state affirmatively places the plaintiff in danger by acting with 'deliberate indifference' to a

'known or obvious danger.'" *Patel*, 264 F.3d at 971-72 (quoting *L.W. v. Grubbs*, 92 F.3d 894, 900 (9th Cir. 1996)). To succeed on the state-created danger exception, a plaintiff must show "affirmative conduct on the part of the state [actor] placing the plaintiff in danger" and that the state actor behaved "with deliberate indifference to a known or obvious danger." *Id*. at 974 (cleaned up).

Plaintiffs concede that a state actor generally does not owe a duty of protection. (Doc. 44 at 6-7) They oppose dismissal because they allege—for the first time in their response brief—that the CUSD Defendants owed the duty of protection under the state-created danger exception. But the Amended Complaint contains no well-pleaded factual allegations supporting either prong of the applicable test. The Response to the Motion to Dismiss fares no better, offering platitudes like "the state actor placed the child in danger by its affirmative conduct, . . . school officials permitted the perpetrators of the egregious conduct to continue to participate in the school sponsored activities after having been alerted to their criminal conduct." (Doc. 44 at 7) The brief speculates that "[h]ad the school district prohibited the minor defendants from playing football" or "expelled the perpetrators, the minor Plaintiff would not have been subjected to any of the abuses." (*Id*. at 8) These naked assertions provide no factual basis with which this Court can discern a viable claim for relief. There are no well-pleaded facts from which the Court can discern affirmative conduct placing KJ in danger *or* that any CUSD employee acted with deliberate indifference. Counts I and IV must be dismissed.

**2.**

The CUSD Defendants argue that Count II should be dismissed because it fails to allege a plausible municipal liability claim. By its terms, § 1983 only authorizes a claim for relief against a **person** who acts under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). In *Monell v. Department of Social Services*, 436 U.S. 658 (1978), the Supreme Court held that a municipality generally is not liable for a § 1983 violation under a theory of *respondeat superior* for the actions of its subordinates. But a plaintiff can raise a *Monell* claim against a municipality "(1) when 'implementation of its official policies or

established customs inflicts the constitutional injury,' (2) 'for acts of omission, when such omissions amount to the local government's own official policy,' or (3) 'when the individual who committed the constitutional tort was an official with final policy-making authority or such an official ratified a subordinate's unconstitutional decision or action and the basis for it.'" *Andrich v. Kostas*, 470 F. Supp. 3d 1048, 1063 (D. Ariz. 2020) (quoting *Clouthier v. Cnty. of Contra Costa*, 591 F.3d 1232, 1249–50 (9th Cir. 2010)). To successfully plead a *Monell* claim, allegations in a complaint "may not simply recite the elements of a cause of action but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *AE ex rel. Hernandez v. Cnty. of Tulare*, 666 F.3d 631, 637 (9th Cir. 2012) (quoting *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011)).

The Amended Complaint alleges that CUSD failed "to properly train, supervise, control, and discipline the individual employee Defendants . . . by the proper methods and procedures by which to protect the minor Plaintiff from the dangerous conditions that resulted in [his] injuries and damages." (Doc. 33 ¶ 82; *see also* ¶¶ 83-89) But it does not assert any well-pleaded facts to support its basic recitation of the *Monell* holding. Plaintiffs' Response brief argues that "[t]he allegations in the [A]mended Complaint make it clear that the continued assault on the minor Plaintiff by the Defendant perpetrators continued unabated . . . [and] [t]he allegations in the [A]mended [C]omplaint support the claim that the school district engaged in deliberate indifference . . . because it failed to train its employees on the proper necessary to protect the minor Plaintiff." (Doc. 44 at 43-44) This suffers from two flaws. The first is that there are no well-pleaded facts to support the *Monell* claim. The second is that there are no well-pleaded facts supporting either part of the state-created danger test. Count II must be dismissed.

**3.**

The Court finds that the claims for relief asserted in Counts I, II, and IV of the Amended Complaint fail to satisfy the minimum pleading standards of Federal Rule of Civil Procedure 8 and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). They will be

dismissed without prejudice. The Court will grant Plaintiffs leave to file a Second Amended Complaint.

### IV.

For the reasons set forth above,

**IT IS ORDERED** that the CUSD Defendants' Motion to Dismiss (Doc. 34) is **GRANTED** as follows:

1. Plaintiffs Jeremy and Latonia Johnson's loss of consortium claims, asserted in Count IX of the Amended Complaint, are **dismissed with prejudice** because it is barred by the applicable statute of limitations.

2. Counts I, II, and IV are **dismissed without prejudice** for failure to allege well-pleaded facts that support plausible claims for relief.

**IT IS FURTHER ORDERED** that Plaintiffs may file a Second Amended Complaint within two weeks of the date of this Order.

Dated this 9th day of September, 2024.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge